IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JESUS SOLORIO-ACOSTA,          )
                               )
         Petitioner,           )
                               )
     v.                        )    1:05CV319
                               )    1:02CR152-2
UNITED STATES OF AMERICA,      )
                               )
         Respondent.           )

## RECOMMENDATION OF MAGISTRATE JUDGE ELIASON

Petitioner Jesus Solorio-Acosta, a federal prisoner, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner pled guilty to drug conspiracy in violation of 21 U.S.C. § 846. (Docket nos. 1, 35 (criminal case))[1] The court sentenced him to 120 months in prison. (Docket no. 56 (criminal case)) Petitioner appealed, but the Fourth Circuit affirmed his conviction and sentence. (Docket nos. 69, 70 (criminal case)) Petitioner then filed this section 2255 motion. (Docket no. 1) Respondent has responded. (Docket no. 5) The court advised petitioner of his right to file a reply brief, but he has not done so. (Docket no. 6) The matter is now ready for ruling.

## DISCUSSION

Petitioner alleges that he received ineffective assistance of counsel. (Docket no. 1 at 4) His claims are that counsel "did not adequately read and discuss the Presentence Report content with me," that counsel's "lack of opposition to the Presentence Report

---

[1] Citations to the record will be to the civil case unless otherwise noted.

gave way to an inconsistency of the facts as well as the drug amount," and that counsel "did not make the effort to work with me to help me qualify for the safety valve." (Id.) Petitioner does not provide any supporting facts for these allegations. He did not file a reply brief, therefore these conclusory allegations are all that the court has from petitioner to consider.

In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Petitioner is not entitled to a hearing based upon unsupported, conclusory allegations. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) (in order to obtain an evidentiary hearing a habeas petitioner must come forward with some evidence that the claim might have merit), cert. denied, 507 U.S. 923, 113 S.Ct. 1289, 122 L.Ed.2d 681 (1993), abrog'n on other grounds recog'd, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999). The petitioner bears the burden of affirmatively showing deficient performance. See Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994). To establish prejudice, petitioner must show that there is a reasonable probability that, but for counsel's unprofessional performance, he would not have pled guilty but would have gone to trial. Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

Petitioner's first claim is that counsel did not adequately read and discuss his presentence report with him. Counsel has

responded by affidavit to this claim. Counsel T.O. Stokes was retained to represent petitioner. He states that he "went through the entire presentence report" with petitioner with the help of an interpreter and "at no time did [petitioner] indicate that he did not understand any items in the report." (Docket no. 5, ex. B, at 2) Counsel states that "all areas of the report were discussed and explained to [petitioner] at length." (Id.) These statements are not contradicted by petitioner.

Furthermore, on appeal petitioner claimed that the record failed to show that he and counsel read and discussed his presentence report before the court imposed sentence. (Docket no. 5, ex. A) However, the court was satisfied that petitioner and counsel "read and discussed the report prior to sentencing" and found no error. (Id.) Accordingly, petitioner has failed to show any unreasonable performance by counsel or any resulting prejudice. This first claim of ineffective assistance should be dismissed. See Strickland, 466 U.S. 668.

Petitioner's next claim is that counsel's lack of opposition to the presentence report gave way to an inconsistency of the facts as well as the drug amount. (Docket no. 1 at 4) Petitioner has failed to show that his report is not consistent with any facts or that the amount of drugs he was held responsible for is erroneous in any way. This is therefore a conclusory and unsupported claim which may be dismissed on that basis. See Nickerson, 971 F.2d at 1136.

In addition, counsel has responded to this claim in his affidavit. Counsel says that he and petitioner discussed objecting to the drug amount, but that he explained the risk of losing the acceptance of responsibility reduction if petitioner did that. (Docket no. 5, ex. B, at 2) Counsel says that petitioner did not wish to go to trial and chose to drop any objections that he had. (Id.) Again, these statements by counsel are not opposed by petitioner. Accordingly, petitioner has failed to show ineffective assistance based on these facts as well. This claim should be dismissed. See Strickland, 466 U.S. 668.

Petitioner's final claim is that counsel failed to work with petitioner to help him qualify for the safety valve reduction. (Docket no. 1 at 4) This reduction requires, among other things, that the defendant provide to the government all information the defendant has concerning the offense or related offenses. USSG § 5C1.2. The sentencing court granted a continuance during the initial sentencing hearing so that petitioner could provide information to the government. (Tr. of sentencing hearing, vol. 1) At the continuation of the hearing the court found that petitioner had not admitted all of his criminal conduct sufficient to bring him within the safety valve provision. (Tr. of sentencing hearing, vol. 2, at 7-8) Therefore, it is apparent that counsel successfully sought this continuation to give petitioner an opportunity to bring himself within this provision, but petitioner failed to provide the information needed to accomplish this. Petitioner has not identified anything more that counsel could have

-4-

done to assist him in this effort.  Petitioner has therefore failed to show any unreasonable conduct by counsel.  He has also failed to show any prejudice.  This final claim of ineffective assistance of counsel should therefore be dismissed.  See Strickland, 466 U.S. 668.

**IT IS THEREFORE RECOMMENDED** that petitioner's motion to vacate, set aside or correct sentence (docket no. 1) be **DENIED** and that Judgment be entered dismissing this action.

/s/ Russell A. Eliason
United States Magistrate Judge

August 12, 2005